**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **ROBERT RANDALL ZIEGLER,** | ) | |
| **Plaintiff,** | ) ) ) | |
| vs. | ) | CIV-03-1612-T |
| **DARRELL MOORE, et al.,** | ) ) ) | |
| **Defendants.** | ) | |

**O R D E R**

Plaintiff, a state prisoner appearing *pro se*, has filed this action pursuant to 42 U.S.C. § 1983 alleging the violation of certain constitutional rights. This matter is before the Court for consideration of Plaintiff's "Motion to Recuse Bana Roberts as Magistrate over the Instant Proceedings." [Doc. No. 45]. Plaintiff seeks disqualification of the undersigned Magistrate Judge and/or reassignment of this matter to Magistrate Judge Gary Purcell.

Although Plaintiff has not cited any relevant statutory authority to support his motion, the Court has considered Plaintiff's motion within the context of two relevant federal statutes: 28 U.S.C. § 144 and 28 U.S.C. § 455. Section 144 governs reassignment of cases based on a showing of personal bias or prejudice on the part of the assigned judge. Plaintiff contends that certain rulings by the undersigned are factually and legally incorrect and that Judge Purcell's decision in a case previously brought by Plaintiff should dictate the outcome in this action. Thus, Plaintiff asserts that this case should be reassigned to Judge Purcell because of his "clearly precise view of the law and facts already determined[]" and for "efficiency." Plaintiff's Motion to Recuse Bana Roberts as Magistrate Over the Instant Proceedings at p.2. [Doc. No. 45]. However, § 144 requires

the filing of a timely and sufficient affidavit regarding the allegations of bias or prejudice. Because no such affidavit was filed by Plaintiff, he is not entitled to any relief under this statute. *United States v. Davidson*, 482 F.Supp. 827, 829 (W.D. Okla. 1979)("[P]rocedural defects in themselves are ordinarily sufficient to defeat a motion for disqualification.")(citations omitted).

Section 455 is the statutory standard for disqualification of a judge. This section is self-enforcing by the judge or may be asserted by a party by means of a motion in the trial court. Under § 455(a) disqualification is warranted not only where there is actual bias or prejudice but also where the judge's impartiality might reasonably be questioned. *Davidson*, 482 F.Supp. at 829. In this circuit the standard is purely objective; the test is "whether a reasonable person, knowing all the relevant facts would harbor doubts about the judge's impartiality." *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993) (citations omitted). However, a party seeking recusal must provide a reasonable factual basis to question the judge's impartiality. *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995). "The statute is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice." *Cooley*, 1 F.3d at 993. Moreover, "[t]here is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is." *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987); *Willner v. University of Kansas*, 848 F.2d 1023, 1027 (10th Cir. 1988) (trial judge has duty not to recuse himself on unsupported speculation).

The standard for disqualification under § 455(b)(1) is personal bias, that is, whether "a reasonable person would conclude that a judge is biased or prejudiced against

a particular defendant." *Davidson*, 482 F.Supp. at 829. Such standard generally requires that the bias or prejudice be established by" matters apart from litigation. *Id*. Here, the primary reason given by Plaintiff for the undersigned's disqualification is that he disagrees with a previous Report and Recommendation in which the undersigned found that Plaintiff had failed to exhaust his administrative remedies on all claims as required by 42 U.S.C. § 1997e(a) and recommended, pursuant to published Tenth Circuit law, *Ross v. County of Bernalillo*, 365 F.3d 1181, 1189 (10th Cir. 2004), that Plaintiff's § 1983 action be dismissed in its entirety without prejudice.  In this regard, Plaintiff fails to show personal bias or prejudice adequate to support disqualification under § 455(b)(1). Indeed, in its list of factors which will ordinarily not satisfy the requirements for disqualification under § 455(a), the Tenth Circuit includes "prior rulings in the proceeding, or another proceeding, solely because they were adverse." *Cooley*, 1 F.3d at 994 (10th Cir. 1993).  The undersigned finds that no reasonable person knowing the facts presented by Plaintiff would harbor any doubts about the undersigned's impartiality. Accordingly, Petitioner's motion for recusal [Doc. No. 45] is denied.

SO ORDERED this 25th day of May, 2005.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE