IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBERT RANDALL ZIEGLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case Number CIV-03-1612-C |
| | ) |
| DARRELL MOORE, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER ADOPTING REPORT AND RECOMMENDATION

This 42 U.S.C. § 1983 action brought by a prisoner proceeding pro se, was referred to United States Magistrate Judge Bana Roberts, consistent with the provisions of 28 U.S.C. § 636(b)(1)(B). Judge Roberts entered a Report and Recommendation (R&R) on May 25, 2005, to which Plaintiff has timely objected. The Court therefore considers the matter de novo.

In the R&R, Judge Roberts recommends dismissal of Plaintiff's Amended Complaint for failure to state a claim for relief as to all Defendants in their official capacities and as to Plaintiff's equal protection and conspiracy claims. Judge Roberts also recommended judgment be entered for Defendants in their individual capacities on qualified immunity grounds. Plaintiff objects, arguing Judge Roberts has misconstrued the relevant facts and law. Plaintiff relies heavily on the Court's previous ruling in Case No. CIV-01-1738-C,

arguing that case established his right to possess the prayer cloths that are the genesis of this case.

Plaintiff's argument misconstrues the Court's ruling in CIV-01-1738-C. In that case, the Court did not determine that Plaintiff was entitled to have the prayer cloths in his cell. Rather, the Court's ruling was limited to a determination that the policy on which Defendants relied to ban the prayer cloths did not provide a basis for such a ban. Although the net effect of the Court's ruling was that Plaintiff was permitted to possess the prayer cloths, there was never a determination that Plaintiff had a right to possess the cloths. Indeed, the Court rejected Plaintiff's request for such a declaration. As Judge Roberts notes in the R&R, Defendants have amended the policy so that it now addresses the prayer cloths. Thus, this case is on significantly different footing than CIV-01-1738-C.

After determining that Plaintiff had failed to follow the procedures set out in the new policy, Judge Roberts determined that Plaintiff had failed to establish the violation of a constitutional right. On *de novo* review, the Court agrees. As Judge Roberts noted, consideration of Plaintiff's claim requires consideration of the factors set out in Turner v. Safley, 482 U.S. 78, 89-90 (1987), and Beerheide v. Suthers, 286 F.3d 1179, 1184 (10th Cir. 2002). It is only after Defendants' actions are measured against these standards that the existence of a constitutional violation can be found. Because Plaintiff has failed to follow the policy, no final action has been taken by Defendants and the Court cannot apply the Turner balancing test.

Accordingly, the Court adopts, in its entirety, the Report and Recommendation of the Magistrate Judge, and for the reasons announced therein, Plaintiff's claims against Defendants are DISMISSED with prejudice. A separate judgment will issue.

IT IS SO ORDERED this 30th day of June, 2005.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge